# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN BACKE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>NOVATEL WIRELESS, INC., et al.,<br>　　　　　　　　　　　　Defendant. | **CASE NO. 08-CV-01689-H (RBB)**<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE CASES, PENSION FUND GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL & DENYING NEW JERSEY BUILDING LABORERS PENSION FUND & SEXTON GROUP'S MOTIONS** |
| MATTHEW HARMS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>NOVATEL WIRELESS, INC., et al.,<br>　　　　　　　　　　　　Defendant. | **CASE NO. 08-CV-01714-H (RBB)** |

On September 15, 2008, Plaintiff Maureen Backe filed a securities class action against Defendants Novatel Wireless, Inc. ("Novatel"), George Weinert, Dan Halvorson, Peter Leparulo, Kenneth Leddon, and Shawn Swaney, seeking remedies under sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5.  (Backe Doc. No. 1.)  On September 18, 2008, Plaintiff Matthew Harms

1  filed a securities class action against Defendants Novatel, George Weinert, Kenneth Leddon,
2  James Ledwith, Greg Lorenzetti, Shawn Swaney, Peter Lerparulo, Dan Halvorson, Christopher
3  Ross, and David Werner, seeking remedies under sections 10(b) and 20(a) of the Securities
4  Exchange Act and SEC Rule 10b-5. (<u>Harms</u> Doc. No. 1.) On November 17, 2008, the New
5  Jersey Building Laborers Pension Fund, the Sexton Group, and the Pension Fund Group each
6  filed a motion to consolidate cases under Federal Rule of Civil Procedure 42(a), for
7  appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995
8  ("PSLRA"), 15 U.S.C. 78u-4, and for approval of lead plaintiff's selection of lead counsel.
9  (<u>Backe</u> Doc. Nos. 4, 8, 10.) The Sexton Group filed a non-opposition to the New Jersey
10 Building Laborers Pension Fund and the Pension Fund Group's motions on December 1, 2008.
11 (<u>Backe</u> Doc. No. 15.) The Pension Fund Group filed a response in opposition to the other
12 motions and in further support of its own motion on December 1, 2008. (<u>Backe</u> Doc. No. 16.)
13 The New Jersey Building Laborers Pension Fund filed a response in non-opposition to the
14 other motions on December 8, 2008. (<u>Backe</u> Doc. No. 17.) On December 8, 2008, the Pension
15 Fund Group filed a reply in support of its motion. (<u>Backe</u> Doc. Nos. 18, 19.) The Court,
16 pursuant to Local Rule 7.1(d)(1), determines that these motions are appropriate for resolution
17 without oral argument and therefore submits them on the parties' papers.

## **Background**

19   Both actions are brought on behalf of persons and entities who purchased or otherwise
20 acquired Novatel securities during the Class Period, defined in each complaint as February 5,
21 2007 to August 19, 2008, and who were damaged thereby, seeking remedies under the
22 Securities Exchange Act and SEC Rule 10b-5. (<u>See</u> <u>Backe</u> Compl.; <u>Harms</u> Compl.) The
23 Plaintiffs allege Novatel and certain of its officers and/or directors repeatedly issued materially
24 false and misleading statements that misrepresented Novatel's buisness, prospects, and
25 operations. (<u>Backe</u> Compl.¶5; <u>Harms</u> Compl. ¶3.) On the last day of the class period, August
26 19, 2008, Novatel issued a press release concerning its preliminary financial results for the
27 second quarter of 2008 and the possibility that the company may have to restate its audited
28 financial statements for fiscal year 2007. (<u>Backe</u> Compl. ¶3; <u>Harms</u> Compl. ¶3.) In response,

1  Novatel's stock dropped $2.11 per share, or 25%, to close on August 20, 2008 at $6.29 per
2  share, on unusually heavy trading volume. (<u>Backe</u> Compl. ¶4; <u>Harms</u> Compl. ¶4.) Plaintiffs
3  allege that Novatel's materially false and misleading statements during the class period caused
4  members of the class to purchase Novatel's common stock at artificially inflated prices, thus
5  causing damages to the class.   (<u>Backe</u> Compl. ¶6; <u>Harms</u> Compl. ¶4.)

6        In response to notice that was published after Plaintiff Backe filed her class action
7  complaint, movants filed their motions for consolidation of related actions, to be appointed
8  lead plaintiff, and for approval of lead plaintiff's selection of counsel.  The Sexton Group
9  alleges it purchased 24,343 shares of Novatel during the class period and suffered financial
10 losses of $181,408.87. (Doc. No. 8 at p.6, Goldberg Decl.) The New Jersey Building Laborers
11 Pension Fund alleges it purchased 11,745 shares of Novatel during the class period and
12 suffered financial losses of $138,935.  (Doc. No. 4 at p.8, Kim Decl., Ex. B)  The Pension
13 Fund Group alleges it purchased over 82,000 shares of Novatel during the class period and
14 suffered financial losses of approximately $585,900. (Doc. No. 10 at p. 4, O'Mara Decl., Ex.
15 B.)

16                                     **Discussion**

17       Under the PSLRA, a court must first decide whether to consolidate related actions prior
18 to selecting a lead plaintiff.  <u>See</u> 15 U.S.C. §78u-4(a)(3)(B)(ii).  After making this
19 determination, the court must then appoint as lead plaintiff the person or group of persons with
20 the largest financial interest in the relief sought by the class that otherwise satisfy the
21 requirements of Federal Rule of Civil Procedure 23. <u>Id.</u> §78u-4(a)(3)(B)(iii). The court should
22 also approve of the lead plaintiff's selection of lead counsel.  <u>Id.</u> §78u-4(a)(3)(B)(v).

23 **1. Consolidation of Related Actions**

24       The PSLRA provides that "[i]f more than one action on behalf of a class asserting
25 substantially the same claim or claims arising under this chapter has been filed," the court shall
26 not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."
27 15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Federal Rule of Civil Procedure 42(a), a court may
28 consolidate actions "if [the] actions before the court involve a common question of law or

fact." "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. District Court for Cent. Dist. of C.A., 877 F.2d 777, 777 (9th Cir. 1989).

The Court grants the parties' motions for consolidation of the related actions of Backe v. Novatel Wireless, Inc., et al., case no. 08-CV-01689-H (RBB), and Harms v. Novatel Wireless, Inc., et al., case no. 08-CV-01714-H (RBB). The Plaintiffs' complaints present virtually identical factual and legal issues, as each alleges Novatel violated sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5 during the same class period, from February 5, 2007 to August 19, 2008. Both complaints also name the same defendants. Because the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits. Consolidation is appropriate to save time and effort and will not produce inconvenience, delay, or expense on the litigants or trial judge.

**2. Appointment of Lead Plaintiff**

The PSLRA provides that, "[a]s soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). In selecting the lead plaintiff, the PSLRA directs the court to:

> adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that– has either filed the complaint or made a motion in response to a notice; in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. §78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by proof by a member of the class that the presumptively most adequate plaintiff, "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. §78u-4(a)(3)(B)(iii)(II). Under the PSLRA, any member or members of the class may move the court to serve as lead plaintiff no later than 60 days after notice is published. Id. §78u-4(a)(3)(A)(i)(II). In making the presumptive lead plaintiff determination, "the district court must compare the financial stakes of the various

1  plaintiffs and determine which one has the most to gain from the lawsuit." In re Cavanaugh,
2  306 F.3d 726, 730 (9th Cir. 2002). "It must then focus its attention on that plaintiff and
3  determine, based on the information he has provided in his pleadings and declarations, whether
4  he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"
5  Id.

6       The three movants for appointment of lead plaintiff all filed motions in response to
7  notice published by Plaintiff Maureen Backe. Notice was published on September 16, 2008,
8  on *Global Newswire*. (See Doc. No. 4, Kim Decl. Ex. C; Doc. No. 10, O'Mara Decl. Ex. C.)
9  The three movants all filed their motions for appointment on November 17, 2008, fulfilling the
10 requirement that class members move within 60 days of publication for appointment as lead
11 plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Because all motions were made timely, the Court
12 must determine which movant has the largest financial interest in the relief sought to determine
13 the presumptive most adequate lead plaintiff. See id. §78u-4(a)(3)(B)(iii)(I).

14      In comparing the financial stakes of the various movants, the Pension Fund Group has
15 the most to gain from the lawsuit. It states that it purchased 82,200 shares of Novatel stock
16 during the class period and suffered losses of $585,977.86. (Doc. No. 10, O'Mara Decl. Ex.
17 A–B.) This is a larger financial stake than the other two movants, the Sexton Group with
18 losses of $181,408.87, and the New Jersey Building Laborers Pension Fund with losses of
19 $138,935.[1] The Sexton Group acknowledges that it has less of a financial stake in the action
20 and filed a statement of non-opposition to the remaining competing motions to serve as lead
21 plaintiff. (Backe Doc. No. 15.) Similarly, the New Jersey Building Laborers Pension Fund
22 acknowledges that it does not have the largest financial stake in the action in its response in
23 non-opposition to the other competing motions. (Backe Doc. No. 17.) As the Pension Fund
24 Group has the largest financial stake in the litigation, it is the presumptive lead plaintiff if it
25 otherwise meets the requirements of Rule 23.

26      Federal Rule of Civil Procedure 23(a) requires that the class representative have claims

---

[1] The Pension Fund Group has a significantly larger stake than either of the two original Plaintiffs, as Maureen Backe bought 703 shares during the class period and sold 1,873 shares after the decline in value, and Matthew Harms bought 130 shares during the class period. (Backe Doc. No. 1 at p.38; Harms Doc. No. 1 at p. 24.)

- 5 -  08cv1609

1    and defenses that are typical of the claims or defenses of the class and that a class
2    representative will fairly and adequately protect the interests of the class.  The typicality
3    standard is satisfied if the representative's claims are "reasonably coextensive with those of
4    absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150
5    F.3d 1011, 1020 (9th Cir. 1998).  "The test of typicality is whether other members have the
6    same or similar injury, whether the action is based on conduct which is not unique to the
7    named plaintiffs, and whether other class members have been injured by the same course of
8    conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (quotation omitted).
9    "Resolution of two legal questions determines legal adequacy: (1) do the named plaintiffs and
10   their counsel have any conflicts of interest with other class members and (2) will the named
11   plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon,
12   150 F.3d at 1020 (citing Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th
13   Cir.1978)).

14          The Pension Fund Group satisfies the Rule 23 requirements of typicality and adequacy.
15   It's injury is the same or similar to other class members and is based on the same course of
16   conduct by the Defendants.  The Pension Fund Group and the class allege that Defendants
17   violated the Securities Exchange Act and SEC Rule 10b-5 by publicly disseminating materially
18   false and misleading statements, as well as statements which omitted material facts, about
19   Novatel during the class period.  As a result of this conduct by Defendants, the Pension Fund
20   Group and members of the class allege that they purchased Novatel securities at artificially
21   inflated prices and were damaged thereby.  Thus, the Pension Fund Group's claims are typical
22   of the class.  The Pension Fund Group also meets the adequacy requirement.  It states that it
23   has no conflict with the class members' interests.  (Backe Doc. No. 10 at p.6.)  The Pension
24   Fund Group has signed sworn certifications indicating its members' willingness to serve as,
25   and to assume the responsibility of, class representatives.  (Backe Doc. No. 10, O'Mara Decl.
26   Ex. A.)  It is also of note that the Pension Fund Group is the sort of lead plaintiff envisioned
27   by Congress in the enactment of the PSLRA–a sophisticated institutional investor with a real
28   financial interest in the litigation.  See H.R. Conf. Rep. No. 104-369 at 34 (1995), reprinted
     in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors

1  in class actions will ultimately benefit the shareholders and assist courts by improving the
2  quality of representation in securities class actions"). The Pension Fund Group has selected
3  counsel experienced in securities class action litigation and endowed with the resources to
4  vigorously prosecute the actions on behalf of the class. (Backe Doc. No. 10, O'Mara Decl. Ex.
5  D.)

6  Because the Pension Fund Group has timely moved for appointment as lead plaintiff
7  in response to notice, has the largest financial interest in the litigation, and otherwise meets the
8  requirements of Rule 23, it is the presumptive lead plaintiff. Accordingly, the Court grants the
9  Pension Fund Group's motion for appointment as lead plaintiff. The Court denies the New
10 Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment as
11 lead plaintiff.

12 **3. Approval of Lead Plaintiff's Selection of Lead Counsel**

13 Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the
14 court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). "While
15 the appointment of counsel is made subject to the approval of the court, the Reform Act clearly
16 leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at
17 735.

18 The Court approves of the Pension Fund Group's selection of Coughlin Stoia Geller
19 Rudman & Robbins LLP as lead counsel for the class. Coughlin Stoia has extensive
20 experience in litigating securities class actions, has numerous trial attorneys, including many
21 former federal and state prosecutors, and has an extensive group of in-house experts to aid in
22 the prosecution of these actions. (Backe Doc. No. 10, O'Mara Decl. Ex. D.) The Court grants
23 the Pension Fund Group's motion for approval of its selection of lead counsel. Because the
24 New Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment
25 as lead plaintiff are denied, the Court need not reach the issue of approval of their selections
26 of lead counsel. Thus, the Court denies the New Jersey Building Laborers Pension Fund and
27 the Sexton Group's motions for approval of selection of lead counsel as moot.

28 **Conclusion**

For the reasons set forth above, the Court GRANTS the motions to consolidate the

related actions of <u>Backe v. Novatel Wireless, Inc., et al.</u> (case no. 08-CV-01689-H (RBB)) and <u>Harms v. Novatel Wireless, Inc., et al.</u> (case no. 08-CV-01714-H (RBB)), GRANTS the Pension Fund Group's motion for appointment as lead plaintiff, and GRANTS the Pension Fund Group's motion for approval of its selection of lead counsel. The Court DENIES the New Jersey Building Laborers Pension Fund and the Sexton Group's motions for appointment as lead plaintiff and motions for approval of selection of lead counsel.

IT IS SO ORDERED.

DATED: December 10, 2008

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.